IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Kendal Carol Sudduth, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:20-cv-01892-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| M. Newton, *Warden of Allendale* | ) | |
| *Correctional Institute in Allendale, S.C.,* | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Kendal Carol Sudduth ("Petitioner"), a former state prisoner[1] proceeding *pro se*, filed this Petition for Writ of Habeas Corpus on May 14, 2020. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. On October 22, 2020, Respondent filed a Motion for Summary Judgment (ECF No. 23), and Petitioner filed a response in opposition to the motion (ECF No. 26). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court grant Respondent's motion for summary judgment. (ECF No. 28). The Report was mailed to Petitioner at the address he provided to the Court, (ECF No. 29), and has not been returned as undeliverable. Accordingly, Petitioner is presumed to have

---

[1] At the time he filed his Petition in this case, Petitioner was incarcerated at the Allendale Correctional Institution of the South Carolina Department of Corrections. *See* (ECF Nos. 1 at 1; 1-2 at 1). On June 3, 2020, the magistrate judge issued a proper form order directing Petitioner to keep the Clerk of Court advised of his correct address at all times and to advise the Clerk's Office in writing if his address changed. (ECF No. 5). Accordingly, on July 13, 2020, Petitioner filed a Notice of Change of Address indicating he had been released. (ECF No. 10). Nevertheless, "'a wrongful criminal conviction has continuing collateral consequences,' such that the release from custody of a prisoner who is attacking the validity of a state conviction in a federal habeas petition does not render the petition moot[.]" *Perry v. Clarke*, 739 Fed. App'x 199, 200 (4th Cir. 2018) (quoting *Spencer v. Kemna*, 523 U.S. 1, 8, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998)) (internal citations omitted).

1

received the Report.  Petitioner was advised of his right to file objections to the Report.  (ECF No. 28 at 21).  However, Petitioner has filed no objections, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court.  *See Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  In the absence of objections, this court is not required to provide an explanation for adopting the Report.  *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).  Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation.  *See Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Therefore, having thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court adopts the Report in its entirety (ECF No. 28), and incorporates it herein.  Accordingly, Respondent's Motion for Summary Judgment (ECF No. 23) is **GRANTED.**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In the instant

matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right."  Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
January 19, 2021